UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

YVONNE WORMAN,

           Plaintiff,

v.

NANCY BARRASSE, et al.,

           Defendants

CIVIL ACTION NO. 3:23-CV-01488

(MEHALCHICK, J.)

# MEMORANDUM

Plaintiff, Yvonne Worman ("Worman"), proceeding *pro se*, brought this action against thirty defendants,[1] alleging numerous violations of both her civil rights and those of her brother, Paul M. Wolski, Sr. ("Wolski") in connection with guardianship and protection from abuse proceedings in Lackawanna County Court. (Doc. 8). Worman filed the operative amended complaint on September 25, 2023. (Doc. 8).

---

[1] Named as defendants in this case are: Universal Institute Rehab; Virginia Barrett, Gene Eiden, Fran Kovaleski, and Jerry Notarianni ("County Employee Defendants"); Michael Barrasse, Frank Castellano, Patricia Corbett, Vito Geroulo, Lackawanna County Court of Common Pleas ("Judicial and Court of Common Pleas Defendants"); Pennsylvania State Police ("PSP"); Valerie Arkoosh, Department of Human Services, Pennsylvania Association of Area Agencies on Aging ("Commonwealth Defendants"); Nancy Barrasse, Esq. ("Barrasse"); Adult Protective Services; Ruth Borland, Esq. ("Borland"); Sarah Marion, Laurel Masco, Liberty Healthcare Corporation ("Liberty Defendants"); Family Services Association of NEPA; Sean Gerow and Nancy Hudak ("Gerow and Hudak"); Moore Township Police; John Henry "Shane" Scanlon, Esq. ("Scanlon"); Mark Powell, Judith Price, Lackawanna County District Attorney's Office (District Attorney Defendants"); and Lackawanna County Commissioners and Lackawanna County ("County and Commissioners").

Pending before the Court are sixteen motions to dismiss[2] filed by the defendants, along with fifteen separate Report and Recommendations ("the Reports")[3] addressing those motions filed by Magistrate Judge William I. Arbuckle.[4,5,6] The motions were fully briefed,[7] and Worman filed her Objection to the Reports on October 9, 2024. (Doc. 159). Defendants subsequently appropriately filed their responses and oppositions. (Doc. 160-170). For the

---

[2] Doc. 14; Doc. 15; Doc. 18; Doc. 26; Doc. 28; Doc. 42; Doc. 44; Doc. 50; Doc. 55; Doc. 63; Doc. 75; Doc. 92; Doc. 94; Doc. 108; Doc. 120.

[3] Doc. 141; Doc. 142; Doc. 143; Doc. 144; Doc. 145; Doc. 146; Doc. 147; Doc. 148; Doc. 149; Doc. 150; Doc. 151; Doc. 152; Doc. 153; Doc. 154; Doc. 155.

[4] The motions to dismiss and associated report and recommendations for each group of defendants are as follows: Universal Rehab (Doc. 14; Doc. 155); County Employee Defendants (Doc. 15; Doc. 154); Judicial and Court of Common Pleas Defendants (Doc. 18; Doc. 153); PSP (Doc. 26; Doc. 152); Commonwealth Defendants (Doc. 28; Doc. 151); Barrasse (Doc. 42; Doc. 150); Adult Protective Services (Doc. 44; Doc. 149); Borland (Doc. 50; Doc. 148); Liberty Defendants (Doc. 55; Doc. 113; Doc. 141); Family Services Association of NEPA (Doc. 63; Doc. 147); Gerow and Hudak (Doc. 75; Doc. 146); Moore Township Police (Doc. 92; Doc. 145); Scanlon (Doc. 94; Doc. 144); District Attorney Defendants (Doc. 108; Doc. 143); and County and Commissioners (Doc. 120; Doc. 142).

[5] The second motion filed by the Liberty Defendants (Doc. 113) was filed to indicate that their original motion was unopposed and should therefore be granted. As all motions have now been responded to and addressed by the Court, that motion is **DENIED as MOOT.**

[6] On September 23, 2024, the undersigned directed Worman to file one set of comprehensive objections to the separately filed Reports. (Doc. 157).

[7] To the extent Worman attempts to assert new facts, claims, or bases for relief in her responsive briefs or additional filings with the Court, they will not be considered by this Court. "'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *see Tyree Bohannon, Plaintiff v. Lieutenant Trevethan, et al., Defendants*, No. 3:23-cv-1312, 2024 WL 5203032, at n.2 (M.D. Pa. Dec. 23, 2024) ("[Plaintiff]'s brief in opposition to Defendants' motion contains factual allegations that are not expressly set forth in the amended complaint. . . The Court may not consider such allegations because a complaint cannot be amended by way of an opposition brief.").

following reasons, the Reports will be **ADOPTED in part** and **REJECTED in part**, and Worman's amended complaint will be **DISMISSED with prejudice**.

I. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (*quoting* 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a de novo review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (*citing United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

## II.   DISCUSSION

Through their sixteen motions to dismiss, Defendants largely raise the same bases for dismissal of Worman's amended complaint. First, several sets of defendants correctly assert that Worman lacks standing to assert claims on behalf of Wolski.[8] Second, several sets of defendants move for dismissal of this action on the basis that the amended complaint was not properly served on them. Third, several sets of defendants move for dismissal on the basis that they are immune from suit and liability. Fourth, several sets of defendants move for dismissal of this action asserting that the *Rooker-Feldman* doctrine and *Younger* abstention bar Worman's claims. Finally, several sets of defendants assert that the amended complaint fails to meet the pleading standards of Federal Rule of Civil Procedure 8, or that it fails to state a claim pursuant to Rule 12(b)(6).

---

[8] In her amended complaint, Worman brings claims on behalf of her brother, Wolski. (Doc. 8, ¶¶ 1-14). It is well-settled that a "litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *see Reihner v. County of Washington, Pennsylvania*, 672 fed. App'x. 142, 144 (3d Cir. 2016) (finding that parents proceeding *pro se* who brought claims on behalf of their son for civil rights violations lacked a personal connection to his claims); *see Hill v. Umpstead*, 639 Fed. App'x. 60, n. 2 (3d Cir. 2016) (finding that a litigant attempting to bring claims on behalf of his neighbors does not have a personal injury subject to standing); *see Jerry v. Moore College of Art and Design*, No. 21-3658, 21-4177, 2022 WL 716768, N. 7 (E.D. Pa. Mar. 10, 2022) (finding that the plaintiff did not have standing to bring claims on behalf of her adult daughter as the alleged injuries were not personal subject to standing). This Court agrees with the sound reasoning of the relevant Reports finding that Worman lacks standing to bring any claims on behalf of Wolski, and therefore **ADOPTS** their reasoning and conclusion concerning Worman's lack of standing to bring claims on behalf of her brother. (Doc. 141, at 42; Doc. 144, at 38-40; Doc. 146, at 38-41; Doc. 147, at 39-41; Doc. 155, at 37-39).

Although Worman's claims are difficult to discern and the amended complaint itself barely meets the requirements of Rule 8,[9] the Court construes it to generally allege various federal claims of conspiracy, violations of her civil rights, various other claims under federal criminal statutes and the Tariff Act, along with various state law claims. (Doc. 8). The basis for all Worman's claims is her dissatisfaction with guardianship and protection from abuse ("PFA") proceedings in Lackawanna County Court. (Doc. 8). It is unclear from the face of the amended complaint whether either of these proceedings is currently pending in state court or if the proceedings have been concluded. (Doc. 8).

Because the issue of this Court's jurisdiction is a threshold matter, the Court will address it first. As the Court concludes that it lacks subject matter jurisdiction over Worman's federal claims under the *Rooker-Feldman* doctrine and *Younger* abstention,[10] the Court will grant Defendants' motions to dismiss on these bases.[11] (Doc. 8). Then, the Court will decline

---

[9] Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008)). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

[10] The Reports conclude that most of Worman's claims are not barred by either *Rooker-Feldman* or *Younger*, finding that Worman was not inviting the Court to review or reject the state judgments and therefore her claims were not barred. This Court disagrees and thus will **REJECT** those portions of the relevant Reports.

[11] To the extent that not all defendants moved to dismiss the claims against them on the grounds of *Rooker-Feldman* or *Younger*, the Court notes that it may raise these issues *sua sponte*. *See Burgos v. McEwan*, Civil Action No. 10–3766, 2011 WL 222498 (3d Cir. Jan.25, 2011) (*sua sponte* dismissing complaint as clearly barred by the *Rooker–Feldman* doctrine); *Van*

5

to exercise supplemental jurisdiction over any remaining state law claims. (Doc. 8). Accordingly, Defendants' motions to dismiss will each be **GRANTED** and the amended complaint will be **DISMISSED** with prejudice.

A. ROOKER-FELDMAN DOCTRINE

The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." *Goodson v. Maggi*, 797 F. Supp. 2d 587, 597 (W.D. Pa. 2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that:

> ... a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. § 1257. *Goodson*, 797 F.Supp.2d at 597 (citing *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303).... "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson*, 797 F.Supp.2d at 597 (citing *Feldman*, 460 U.S. at 485-86, 103 S.Ct. 1303 (citation omitted)).

*Conklin v. Anthou*, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. App'x. 257 (3d Cir. 2012).

Claims by "state-court losers complaining of injuries caused by state-court judgments" are barred from bringing suit in federal court by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies where "(i) the federal plaintiff lost in state court; (ii) the plaintiff claims the judgment(s) of the state court caused his injuries; (iii) the state court rendered its judgment(s) before plaintiff filed his federal suit; and (iv) the plaintiff is inviting the district

---

*Tassel v. Lawrence County Domestic Relations Sections*, 390 Fed. App'x 201, 203 (3d Cir.2010) (affirming District Court's *sua sponte* dismissal of complaint under *Rooker–Feldman*).

court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010); *see also Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018).

The relevant Reports conclude that the second and fourth prongs of the *Rooker-Feldman* analysis are not met. In doing so, the Reports construe Worman's amended complaint as not requesting the Court overturn any of the state court orders or otherwise review the judgments of the state court. However, as this Court understands it, the amended complaint seeks damages related to and relief from an "invalid court order" and a "fake PFA." (Doc. 8, at 3). In fact, as this Court understands the amended complaint, Worman's claims are wholly based on state court proceedings and outcomes she disagrees with. The amended complaint alleges that "[t]he Paul Wolski guardianship should be made invalid immediately" and that the "fraudulent PFA details should be ordered to be expunged.…" (Doc. 8, at 24). Unlike in *Vuyanich v. Smithton Borough*,[12] a case the Reports largely rely on and in which the court found that the injuries asserted by plaintiffs were caused by the defendants' actions and not by the state court judgment, here Worman is claiming her damages that *are* caused by the "invalid court order" and "fake PFA." (Doc. 8). She directly asks this Court to invalidate the guardianship and for the PFA to be expunged. (Doc. 8). As such, the Court concludes that Worman's claims are necessarily barred by the *Rooker-Feldman* doctrine, as (1) Worman is a federal plaintiff that lost in state court, (2) she is complaining of injuries caused by the state-court judgment, (3) the judgment issued before the federal suit was filed, and (4) she is inviting the district court to review and reject the state-court judgment. This Court thus **REJECTS** the

---

[12] 5 F.4th 379 (3d Cir. 2021).

conclusions of the Reports to the extent that they decide otherwise and **DISMISSES** the amended complaint with prejudice on this basis. (Doc. 8). Defendants' motions to dismiss are **GRANTED** on this basis.

### B. *YOUNGER* ABSTENTION

In *Younger v. Harris*, the Supreme Court held that, absent extraordinary circumstances, a federal court cannot enjoin an ongoing state-court criminal proceeding. *Borowski v. Kean University*, 68 F.4th 844, 849 (3d Cir. 2023); 401 U.S. 37, 41, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also Steffel v. Thompson*, 415 U.S. 452, 460–61, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). Application of *Younger* abstention has been extended to "certain civil enforcement proceedings." *Vaughn:Douce v. New Jersey Division of Child Protection and Permanency*, 2021 WL 3403670, at *2 (3d Cir. 2021); *citing Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013). "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (*citing Younger,* 401 U.S. at 41 ("[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be revered as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.")). The Third Circuit has found that guardianship proceedings fall within the civil-enforcement proceedings extension of *Younger* abstention. *See Vaughn:Douce,* 2021 WL 3403670, at *2.

The Reports concluded that Worman is not a party to the guardianship proceedings, and therefore *Younger* abstention should not apply. Although it is unclear whether the guardianship proceedings Worman complains of is ongoing, this Court disagrees with the

Reports' conclusion that Worman is not a party to that proceeding. Later orders in the guardship proceeding specifically name Worman as subject to their demands. (Doc. 8-1, Doc. 8-5, Doc. 8-7). Thus, the Court *Younger* abstention bars Worman's claims as they relate to these seemingly on-going proceedings. To the extent that the Reports conclude otherwise, they are **REJECTED**. Defendants' motions to dismiss are **GRANTED** and the amended complaint is again **DISMISSED with prejudice** on this basis.

    C.   STATE LAW CLAIMS

To the extent that Worman further alleges state law claims, the Court will decline to exercise supplemental jurisdiction over them. Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n. 7. Therefore, Worman's state law claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

D. LEAVE TO AMEND

The Third Circuit Court of Appeals requires district courts to grant leave to amend when a curative amendment is conceivable. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Leave to amend must be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, in cases where the dismissal of the complaint is based on *Rooker-Feldman* doctrine, courts have found amendment would be futile. *See e.g., Mason v. O'Toole*, No. 2:19-CV-1114, 2020 WL 1286382, at *1 (W.D. Pa. Mar. 18, 2020). Thus, Worman will not be extended leave to file an amended complaint.

III. CONCLUSION

For the foregoing reasons, the Court will **ADOPT in part** and **REJECT in part** the Reports. Each motion to dismiss filed by defendants are **GRANTED**. Worman's amended complaint is **DISMISSED with prejudice**.

An appropriate Order will follow.

Date:  March 27, 2025                                    BY THE COURT:

                                                         *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States District Judge**